1  **Scott M. Harris, Bar # 220906**
2  **HARRIS, ROSALES & HARRIS**
3  **351 St. Mary Street**
   **Pleasanton, CA. 94566**
4  **(925) 417-8700**
   Attorneys for Plaintiff, **CHIN-SHIH LIN; SHENG-MEI LIN; RAY J. LIN; CHARLIE CHIANG**
5

6              **UNITED STATES DISTRICT COURT**

7              **NORTHERN DISTRICT OF CALIFORNIA**

8

9  CHIN-SHIH LIN; SHENG-MEI LIN; RAY J.  )   CASE # **16-cv-04255-NC**
10 LIN; CHARLIE CHIANG                    )
                                          )   (Re Former Santa Clara County Court Case
11                                        )   No. 115CV285290)
            Plaintiff,                    )
12                                        )
        vs.                               )   **PLAINTIFF'S EX PARTE APPLICATION**
13                                        )   **FOR ORDER SHORTENING TIME FOR**
   WILLIAM CUTLIP; CHIKAKO CUTLIP         )   **HEARING ON MOTION TO REMAND**
14                                        )
            Defendants,                   )
15                                        )

16 _____   Honorable Nathanael M. Cousins

17              **APPLICATION FOR RELIEF**

18

19         Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure and Civil Local Rules 6-3 and
20 7-10, Plaintiff CHIN-SHIH LIN; SHENG-MEI LIN; RAY J. LIN; CHARLIE CHIANG
21 (hereinafter referred to as "CHIN") hereby moves to shorten time for consideration of its
22 concurrently submitted Notice of Motion and Motion to Remand. CHIN seeks an expedited briefing
23 schedule under which: 1) WILLIAM CUTLIP and CHIKAKO CUTLIP (hereinafter "CUTLIP")
24 would file their Opposition to the Motion to Remand, if any, not later than _____,
25 2016. CHIN would file its Reply to CUTLIP's Opposition, if any, not later than
26 _____, 2016 and, 3) this Court would hear CHIN Motion to Remand at
27 _____ a.m. on _____ or as soon thereafter as the Court deems
28 practicable.  In the alternative, given the procedural and substantive flaws apparent on the face of
29 CUTLIP's Notice of Removal, CHIN asks the Court to *sua sponte* consider whether remand is
30 appropriate here.


              **EX PARTE APPLICATION FOR ORDER SHORTENING TIME** - 1

The below Memorandum of Points and Authorities and accompanying Declaration of Scott M. Harris establish good cause for this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Defendant, WILLIAM CUTLIP and CHIKAKO CUTLIP (hereinafter referred to as "CUTLIP"), is a defendant in an unlawful detainer action in which CHIN is the plaintiff.

This is a residential unlawful detainer action after a non-judicial foreclosure sale. Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-7 ("Deutsche") purchased the property located at 619 Union Ave., Campbell, CA 95008 at a foreclosure sale on July 6, 2012 and recorded title on July 20, 2015. CHIN purchased the subject premises from Deutsche by way of a Grant Deed on or about September 16, 2015 and substituted into the present unlawful detainer action on January 13, 2016. CUTLIP are the former owners of the subject premises.

The unlawful detainer action was filed in state court after the CUTLIP's failure to comply with a 3-Day Notice to Vacate served on CUTLIP pursuant to California Code of Civil Procedure §1161a(b)(3). CUTLIP refuses to vacate the property. Thus, CHIN filed an unlawful detainer action to recover possession of the premises. Ignoring settled case-law and the fact that California's unlawful detainer statutes mandate quick and efficient resolution of such claims, Defendant responded by removing said unlawful detainer action to Federal Court.

Although the Defendant did not follow proper procedure for removal, this Motion only addresses the threshold question of whether removal was proper. It was not. The Defendants removal is improper for lack of both Subject Matter Jurisdiction (No Federal Question) and Diversity Jurisdiction.

CHIN contends that given the limited civil nature of the lawsuit for eviction, adjudication falls under the exclusive jurisdiction of the state court. California Code of Civil Procedure §§ 85(c)(4), 86(a)(4).

//

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME** - 2

**ARGUMENT**

Unlawful detainer actions are a summary remedy, and are given preference in trial and in setting hearings pursuant to California Code of Civil Procedure § 1179a. A swift and timely resolution to the Motion to Remand is essential to remediating ongoing harm to CHIN, who continues to be deprived of possession of its property well beyond the time intended for unlawful detainers to be resolved. In addition, the expedited hearing and briefing schedule will avoid further waste of judicial resources for all involved. Further, the expedited briefing schedule is no different than that which would be afforded in any unlawful detainer action in State court, given that a minimum five day notice period is legally appropriate in unlawful detainer actions. CUTLIP should have no problem responding to them on an expedited basis. The time sensitive nature of this litigation, the ongoing waste, and the priority normally afforded cases of this type all warrant an order shortening time for the hearing on the Motion to Remand.

Courts routinely grant the *ex parte* relief CHIN seeks. For example, in *Eden Housing Management, Inc. v. Muhammad,* Case No. 07-04325 SBA, 2007 U.S. Dist. LEXIS 90294, *6 (N.D.Cal. Nov. 28, 2007), the plaintiff filed an unlawful detainer action and the defendant promptly removed it to federal court claiming, *inter alia,* the plaintiff had violated his civil rights. Id. at *5. Plaintiff filed a Motion to Remand as well as an *ex parte* application to have that Motion heard on an expedited basis. The Court granted both Motions and remanded the case after requiring the defendant to respond within 5 days. The Court reasoned, "The summary and character of an unlawful detainer action would be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of immediate possession could be introduced." *Id.* at *6, *citing Glendale Fed. Bank* v. *Hadden,* 73 Cal. App. 4th 1150 (1999).

The Court should follow Judge Armstrong's reasoning in *Eden* and promote the efficacy of California's unlawful detainer statutes by ordering the Motion to Remand be heard on an expedited basis.

//

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME** - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

## CONCLUSION

For the foregoing reasons, this Court should enter an order establishing an expedited briefing and hearing schedule for CHIN's Motion to Remand.

**DATED: August 15, 2016.**

**HARRIS, ROSALES & HARRIS**

**BY:     /s/ SCOTT M. HARRIS**

**Attorneys for Plaintiff**