UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUSTEE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM CUTLIP, et al.,<br><br>Defendants. | Case No. 16-cv-04255-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**<br><br>[Re: ECF 19] |

Before the Court is Defendant William Cutlip's motion for leave to proceed *in forma pauperis* on appeal. Having considered the motion, relevant law, and the record in this case, the Court hereby CERTIFIES that the appeal is not taken in good faith, and therefore DENIES the motion.

On July 27, 2016, Cutlip removed this unlawful detainer action to this Court. ECF 1. Magistrate Judge Nathanel M. Cousins issued a Report and Recommendation ("R&R") remanding the action to state court for lack of subject matter jurisdiction. ECF 9. Cutlip filed an objection to the R&R, raising several objections based on affirmative defenses or counterclaims that he may allege under federal law and claiming that this Court has jurisdiction because the action arises out of a federal land patent. ECF 15. Because the Court concluded that it did not have subject matter jurisdiction, the Court remanded the action to the Santa Clara Superior Court. ECF 16.

Cutlip now files a motion for leave to proceed *in forma pauperis* on appeal. Mot., ECF 19. In his motion, Cutlip states that he is "objecting to a final order that appears to ignore civil rights violations, the taking of private lands prior to a full and fair trial, corruption of public officials, and assign rights & forever benefits of a Land Patent that are the undisputed allodial title belonging to appellant." *Id.* at 2. The Court assumes that this refers to the Court's finding that it does not have subject matter jurisdiction to hear this action, as that is the basis for the Court's prior order. *See* ECF 16.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  The test for allowing an appeal *in forma pauperis* is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous.  *Gardner v. Pogue,* 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United States,* 369 U.S. 438, 445 (1962)) (quotation marks omitted); *see also Hooker v. Am. Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole).  An action is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  In other words, the term "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*

Here, the Court finds that Defendant's appeal is not taken in good faith because it is frivolous.  As this Court explained in its order adopting Judge Cousins' R&R, this Court lacks subject matter jurisdiction to hear this unlawful detainer action because (1) federal jurisdiction cannot be predicated on an actual or anticipated defense or an actual or anticipated counterclaim and (2) federal land patents do not provide a basis for federal question jurisdiction.  *See* ECF 16.  Therefore, to the extend Defendant seeks to have the unlawful detainer action heard in federal court because he seeks to raise federal defenses and/or counterclaims or because his claim is based on a federal land patent, the claim lacks an arguable basis in law.

For the foregoing reasons, the Court CERTIFIES that Defendant's appeal is not taken in good faith.  Defendant's motion for leave to proceed *in forma pauperis* on appeal is therefore DENIED.

**IT IS SO ORDERED.**

Dated:  September 2, 2016

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

2